# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 29, 2011

No. 10-50782
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO HOFFMAN-PORTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-511-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pablo Hoffman-Portillo (Hoffman) appeals his concurrent 77-month sentences imposed for his guilty plea convictions for importation of marijuana and possession with intent to distribute marijuana. Hoffman challenges the reasonableness of his sentence, arguing that it is greater than necessary to serve the purpose of 18 U.S.C. § 3553(a).

Generally, this court reviews a sentence for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence within the properly calculated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines range is entitled to a presumption of reasonableness on appeal. *Rita v. United States*, 551 U.S. 338, 347 (2007). Hoffman acknowledges that he did not object to the reasonableness of his sentence after it was imposed and that, under this circuit's precedent, review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). However, Hoffman is preserving his objection to the application of the plain error standard for possible Supreme Court review.

To show reversible plain error, Hoffman must show a clear or obvious error that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If Hoffman makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* In determining Hoffman's sentence, the district court considered Hoffman's illegal reentry into the United States to transport drugs although he had received two substantial sentences in this country for his prior drug convictions. The district court considered counsel's arguments and Hoffman's statement that he had committed the instant offense because of the threats made by drug dealers against his family living in Mexico. The district court pointed out that it was Hoffman's prior involvement in the drug business which linked him to the individuals who had threatened his family.

The record demonstrates that the district court considered the 18 U.S.C. § 3553(a) factors and Hoffman's mitigating arguments at sentencing before determining that a bottom-of-the guidelines sentence was an appropriate sentence. Hoffman has failed to rebut the presumption of reasonableness that this court applies to his guidelines sentence or to demonstrate plain error. *Rita,* 551 U.S. at 347; *Puckett*, 129 S. Ct. at 1429.

Insofar as Hoffman is arguing that the district court erred in denying his request for a downward departure or variance, there is no indication in the record that the district court believed that it lacked the authority to do so.

Therefore, the court lacks jurisdiction to review this issue. *See United States v. Lucas*, 516 F.3d 316, 350-51 (5th Cir. 2008).

The sentences are AFFIRMED.